FILED
United States Court of Appeals
Tenth Circuit

March 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE BALDWIN,

          Plaintiff - Appellant,

v.

CSPO OFFICER O'CONNOR, #2057;
D.D.A. GAIL S. WARKENTIN,
#23429; JUDGE BARNEY IUPPA,
#002799,

          Defendants - Appellees.

No. 11-1457
(D.C. No. 1:11-CV-01647-LTB)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Clarence Baldwin is a prisoner in the custody of the Colorado Department

of Corrections. He filed a claim in the United States District Court for the

District of Colorado under 42 U.S.C. § 1983, alleging violations of his

constitutional rights by the police officer who arrested him, the deputy district

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attorney who prosecuted him, and the district-court judge who presided in his case. His claims included illegal search and seizure, violations of due process, subjection to double jeopardy, and prosecutorial misconduct. The only relief he sought was damages. The district court dismissed his claims without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Baldwin appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court's opinion properly applied *Heck*. It recognized that *Heck* bars any claim for damages if the claim's success "would necessarily imply the invalidity of [the] conviction or sentence." 512 U.S. at 487. It also noted that the success of a search-and-seizure claim "would not *necessarily* imply that the plaintiff's conviction was unlawful," *id.* n.7, but that Mr. Baldwin could recover damages only if he could "prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned." *Id.* Discerning that Mr. Baldwin did not allege any injury other than his conviction, the court concluded that *Heck* required the dismissal of all claims.

On appeal Mr. Baldwin does not challenge the district court's characterization of his allegations. He merely reiterates that his current incarceration is unlawful. We therefore hold that the dismissal below was proper.

We AFFIRM the judgment of the district court. Mr. Baldwin's motion to proceed *in forma pauperis* is DENIED. Mr. Baldwin shall pay the entire filing fee for this appeal forthwith.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge